IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TAMMY M. DALTON,
        Plaintiff,                    :    Case No. 3:16-cv-57

vs.                                  :    JUDGE WALTER H. RICE

NANCY A. BERRYHILL,             :    MAGISTRATE JUDGE
                                                    SHARON L. OVINGTON
Acting Commissioner of the         :
Social Security Administration,
                                                 :
        Defendant.

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #14); OBJECTIONS OF DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, TO SAID JUDICIAL FILING (DOC. #15) ARE OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF TAMMY M. DALTON AND AGAINST COMMISSIONER, REVERSING THE DEFENDANT COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g), FOR AN IMMEDIATE AWARD OF BENEFITS; TERMINATION ENTRY

---

Plaintiff Tammy M. Dalton ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On January 24, 2017, Magistrate Judge Sharon L. Ovington filed a Report and Recommendations, Doc. #14, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to

benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 et seq., be reversed, and that the matter be remanded to the Commissioner for further proceedings, pursuant to Sentence Four of 42 U.S.C. § 405(g). Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #14, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #6, and a thorough review of the applicable law, this Court ADOPTS IN PART and REJECTS IN PART the Report and Recommendations and OVERRULES the Commissioner's Objections, Doc. #15, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, and remanding the matter, pursuant to Sentence Four of 42 U.S.C. § 405(g), to the Commissioner for an immediate award of benefits.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might

2

accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human*

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

*Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The Commissioner argues that, because the "medical note" of Dr. Satheesh Kathula, Plaintiff's treating oncologist, containing his conclusion that Plaintiff would be unable to work for at least twelve months "is not a true medical opinion," the ALJ was under no obligation to give any weight to his opinion.  Doc. #15, PAGEID #950.  The Commissioner misrepresents the scope of Dr. Kathula's submissions, which contained much more than that single conclusion.  Dr. Kathula described Plaintiff's cancer and chemotherapy history, and stated that, while Plaintiff's response to the treatment had been "good," there were no signs that her cancer was in remission.  Doc. #6-7, PAGEID #438.  Moreover, Dr. Kathula's treatment records were included as evidence of record. *Id.*, PAGEID #439-45, 459-62, 464-69.  Yet, the only mention of Dr. Kathula in the ALJ's decision is a statement that Dr. Kathula's is "a treating oncologist" whose treatment notes "show that the claimant underwent multiple cycles of chemotherapy."  Doc. #6-2, PAGEID #107.  In light of the above, the ALJ's failure even to mention Dr. Kathula's findings means that there is no way for the Court to determine whether the ALJ's evaluation of Dr. Kathula's opinion was supported by substantial evidence.  Remand is warranted for that reason alone.

2. The Commissioner argues that any error by the Administrative Law Judge ("ALJ") failing to weigh Dr. Kathula's statement that Plaintiff would be unable to work for at least twelve months was "harmless[,] as the ALJ is not bound to give any weight to such an opinion." Doc. #15, PAGEID #950. The Commissioner is correct in that an individual's ability to work is a determination reserved to the Commissioner, and that "treating source opinions on [those] issues . . . are never entitled to controlling weight or special significance." Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *2 (Jul. 2, 1996). "However, opinions from any medical source on issues reserved to the Commissioner must never be ignored." Id. at *3 (emphasis added). At the very least, the ALJ should have weighed that statement against Dr. Kathula's treatment notes and other evidence of record before deciding to ignore it or give it no weight. See Villano v. Astrue, 556 F.3d 558, 562 (7th Cir. 2009) ("[t]he ALJ is not required to discuss every piece of evidence, but must build a logical bridge from evidence to conclusion.").

3. The ALJ's evaluation of the opinion of Dr. D. Clark, Plaintiff's other treating physician, is also inadequate. The ALJ concluded that Dr. Clark's opined sitting, walking, standing limitations are "not supported by the medical record and [are] inconsistent with other medical evidence of record." Doc. #6-2, PAGEID #110. However, the ALJ cites to no medical evidence of record—from Dr. Clark or anyone else—to support those conclusions. Further, the ALJ concluded that "Dr. Clark seems to have simply accepted the claimant's subjective allegations and complaints as fact." Id. Yet, the ALJ does not reference Dr. Clark's treatment notes of Plaintiff, or any other evidence of record, that would allow the Court to ascertain how he arrived at that conclusion. In sum, the ALJ

5

again failed to build a logical bridge between evidence of record and his conclusions. *Villano*, 556 F.3d at 562.   As the ALJ's decision is not supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[,]" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citation omitted), remand is warranted for this reason, as well.

    4.    If the Court concludes that a finding of non-disability by the Commissioner is not supported by substantial evidence, then remand to the Commissioner for further proceedings is normally the appropriate course of action; remand for immediate payment of benefits is "proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking."  *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).   In this case, Plaintiff's treating physicians have opined certain occupational limitations that likely preclude the Commissioner from being able to meet her Step Five burden of showing substantial jobs available in the national economy that Plaintiff was capable of performing.   *See* Doc. #6-2, PAGEID #156-57 (Plaintiff's representative discussing some of the limitations opined by Drs. Clark and Kathula "that would result in additional breaks and otherwise take her off task, which, based on the testimony of [the vocational expert,] is a very relevant factor in determining work.").   Moreover, aside from a circular, conclusory statement that he had "afforded the recommendations of the State Agency [record reviewing] psychologist weight to the extent that it is consistent with the above-captioned residual functional capacity [('RFC'),]" Doc. #6-2, PAGEID #109, the ALJ did not appear to rely upon any specific medical opinion in formulating Plaintiff's RFC.   Finally, the

6

Commissioner, in her Objections, Doc. #15, did not cite to a single medical opinion of record supporting a finding of non-disability. As "proof of disability is strong and evidence to the contrary is lacking[,]" *Faucher*, 17 F.3d at 176, the case shall be remanded for an immediate award of benefits.

WHEREFORE, based upon the aforesaid, this Court ADOPTS the Report and Recommendations of the Chief Magistrate Judge, Doc. #14, as to the Recommendation that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits, under the Social Security Act was not supported by substantial evidence, and should be reversed. The Court REJECTS the Report and Recommendations as to the Recommendation that the captioned case be remanded to the Commissioner for further proceedings. The Commissioner's Objections to said judicial filing, Doc. #15, are OVERRULED. Judgment shall enter in favor of Plaintiff and against the Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, and remanding the case to the Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for an immediate award of benefits.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

February 27, 2017

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT