# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TAMMY DALTON, | : | |
| Plaintiff, | : | |
| | | Case No. 3:16cv00057 |
| vs. | : | |
| | | District Judge Walter Herbert Rice |
| NANCY A. BERRYHILL, | : | Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social Security Administration, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon a Motion For Allowance Of Attorney Fees filed by Plaintiff's counsel (Doc. #20), the Commissioner's Response (Doc. #21), and the record as a whole. Plaintiff's counsel seeks an award of $11,958.00 in attorney fees under 42 U.S.C. § 406(b)(1). "The Commissioner submits that either reducing the fee sought by counsel or awarding the full fee requested would be within the Court's discretion." (Doc. # 21, *PageID* # 1029).

Before this case began, Plaintiff and her counsel entered into a written contingency-fee agreement. The agreement documented Plaintiff's agreement to pay attorney fees in the amount of 25% of any lump sum award for past-due Social Security benefits payable to Plaintiff. The agreement also documented counsel's willingness to work on a contingency-fee

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

2

basis. This resulted in counsel's acceptance of the risk he would recover zero attorney fees in the event Plaintiff received no past-due benefits. *See* Doc. #20, *PageID* #974.

As this case proceeded, the parties stipulated that a remand for further proceedings was warranted, and Judgment was entered accordingly. On remand, the Social Security Administration awarded Plaintiff past-due benefits and withheld from those benefits $11,974.50 for payment of attorney fees. *Id.* at 967, 978. The Administration also withheld $4,553.50 from the payment of attorney fees from the Disabled Widow's Benefits payable to Plaintiff. *Id.* at 967, 987.

Relying on 42 U.S.C. § 406(b), Plaintiff's counsel presently seeks approval of a $11,958.00 award of attorney fees from the funds withheld from Plaintiff's past-due benefits. The attorney-fee award Plaintiff's counsel seeks, if granted, would result in an award based on a hypothetical hourly rate of $581.90 ($11,958.00 ÷ 20.55 hours = $581.90). The Commissioner cites cases in which Judges of this Court and the U.S. District Court for the Northern District of Ohio reached differing conclusions about the amount of attorney fees that constitute a windfall. (Doc. #21, *PageID* #s 1028-29, nn.4-6). These differing conclusions lead the Commissioner to ask this court to "determine an appropriate fee for counsel's services." *Id.* at 1029.

Section 406(b) authorizes this Court to award attorney's fees when a plaintiff brings a successful challenge to the Social Security Administration's denial of his or her application for benefits. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir. 1997). The award may not exceed 25% of the past-due benefits that the plaintiff received as a result of the successful challenge. *See id.*; *see also* 42 U.S.C. § 406(b)(1).

3

To succeed under § 406(b), the plaintiff's counsel must show, and the court must affirmatively find, that the contingency fee sought—even one within the 25% cap—is reasonable for the services rendered. *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002); *see Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). Section 406(b) "does not displace contingent-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht,* 535 U.S. at 807.

To determine whether an award under § 406(b) is reasonable, a floor/ceiling approach guides the way. The ceiling is § 406(b)'s 25% cap, which "accords a rebuttable presumption of reasonableness to contingency agreements that comply with § 406(b)'s 25%-cap." *Lasley*, 771 F.3d at 309. The floor is "[the] hypothetical rate that is twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1991). "'[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable ...'" *Lasley*, 771 F.3d at 309 (quoting *Hayes*, 923 F.2d at 421).

Within the range set by this floor and this ceiling, "a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.'" *Lasley*, 771 F.2d at 309 (quoting *Hayes,* 923 F.2d at 421). Courts may consider arguments attacking the rebuttable presumption of reasonableness that attaches to awards above the double-the-standard-rate floor and below the 25% statutory ceiling. *Id*. at 309.

"Reasonableness" remains the heart of the matter. And, care must be taken to consider the presumption a rebuttable—not a strict—presumption of reasonableness. *Lasley*, 771 F.2d at 309 (noting, "*Gisbrecht* ... elides strict presumptions altogether."). Reducing a sought-after

4

award is warranted to avoid windfalls especially "'[i]f the benefits are large in comparison to the amount of time counsel spent on the case ....'" *Id*. at 310 (quoting *Gisbrecht*, 535 U.S. at 808).

The award Plaintiff's counsel requests, $11,958.00, is reasonable and not a windfall. The amount of attorney fees counsel seeks is far less than 25% of Plaintiff's past-due benefits awarded by the Social Security Administration. Further, the hypothetical hourly rate of $581.90 (calculated above), when viewed as the product of the applicable multiplier of 2, *see Hayes*, 923 F.2d at 422, translates to an hourly rate of $290.95. This is not unreasonably above the hourly rate used and permitted in the well-reasoned decision in *Pencil v. Astrue*, No. 3:10-cv-394, 2012 WL 4364273, at *2 (S.D. Ohio Sept. 24, 2012). As a result, the proposed hypothetical hourly rate in this case ($581.90) does not constitute a windfall to Plaintiff's counsel. *Accord Wright v. Astrue*, No. 3:09-cv-115, 2012 U.S. Dist. LEXIS 93489, at *6–7, 2012 WL 2700393, at *2–3 (S.D. Ohio July 6, 2012) (Merz, M.J.), adopted by 2012 U.S. Dist. LEXIS 103014 at *1, 2012 WL 3023258 at *1 (S.D. Ohio July 24, 2012) (Rice, D.J.) (approving a hypothetical hourly rate of $539.57).

Additionally, the $290.50 hourly rate is not excessively above the median $223 hourly rate used by attorneys working in Dayton, Ohio in or near 2012. *See* The Economics of Law Practice in Ohio in 2013, Ohio State Bar Association. It is also relatively near the $250 hourly rate used by the 75th percentile of attorneys practicing in Dayton before, during, and after 2012. *See id.*; *see also Pencil*, 2012 WL 4364273 at *2. And, the extensive experience (over 40 years) Plaintiff's counsel has in litigating social security cases and the skill he exhibited in

litigating this case are commensurate with an hourly rate near the 75th percentile of attorneys in Dayton. *See Pencil*, 2012 WL 4364273 at *2.

Accordingly, the hypothetical hourly rate requested by Plaintiff's counsel is reasonable and will not result in a windfall.

### IT IS THEREFORE RECOMMENDED THAT:

1. The Motion For Allowance Of Attorney Fees filed by Plaintiff's counsel (Doc. #20) be GRANTED, and the Commissioner be directed to pay Plaintiff's attorney fees pursuant to 42 U.S.C. § 406(b) in the total amount of $11,958.00;

2. In the event Plaintiff's counsel has received payment of attorney fees under the Equal Access to Justice Act (Doc. #19), Plaintiff's counsel shall refund such amount ($3,900.00) directly to Plaintiff; and

3. The case remain terminated on the docket of this Court.

Date: January 5, 2018            *s/Sharon L. Ovington*
                                                          Sharon L. Ovington
                                                          Chief United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).